# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

MARIO ANTONIO JOHNSON,

    Plaintiff,

v.

TOMMY GREGORY, Sheriff; LARRY
HAMILTON; Sgt. WATSON; Officer
FONTANEZ; Officer AUQUILLA;
Nurse ZALANSKI; and JOSH BAKER,

    Defendants.

CIVIL ACTION NO.: CV209-162

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at the Camden County Jail in Woodbine, Georgia, filed an action filed pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that Sergeant Watson ordered Officers Auquilla and Kaiser to place him in a restraining chair. Plaintiff asserts that he notified Officers Auquilla and Kaiser that he had rods and screws in his right arm and asked to be handcuffed in front because of this injury, but his request was denied. Plaintiff states the officers forcefully put his hands behind his back, grabbed his right arm, and forced him down a hallway. Plaintiff claims that as officers Auquilla and Kaiser were placing him in the restraint chair, he asked Nurse Zalanski to tell the officers to stop restraining him, but she did not do so; Plaintiff asserts Nurse Zalanski had knowledge of Plaintiff's medical condition. Plaintiff contends when he was released from the restraining chair he had severe arm and back pain, requested medical treatment, and was refused any treatment.

Plaintiff names as Defendants in this case: Sheriff Tommy Gregory, Captain Larry Hamilton, Lieutenant Josh Baker, and Officer Fontanez. However, Plaintiff sets forth no factual allegations against any of these parties. It appears that Plaintiff attempts to hold these parties liable based solely on their supervisory positions. In § 1983 actions, liability must be based on something more than a theory of respondeat superior. <u>Braddy v. Fla. Dep't of Labor and Employment Sec.</u>, 133 F.3d 797, 801 (11th Cir. 1998).

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Gregory, Hamilton, Baker, and Fontanez be **DISMISSED**. Plaintiff's cognizable claims are addressed in an Order of even date.

**SO REPORTED** and **RECOMMENDED**, this 29th day of January, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE