FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2010 DEC 10 AM 10: 13
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MARIO ANTONIO JOHNSON,

  Plaintiff,

v.            CIVIL ACTION NO.: CV209-162

ERIC WATSON; BRYANT AGULLO;
CHRISTOPHER KAISER; and STACEY
ZYLINSKI, LPN,

  Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at the Bacon County Probation Detention Center in Alma, Georgia, filed a 42 U.S.C. § 1983 action alleging that Defendant Stacey Zylinski ("Movant" or "Zylinski") violated his constitutional rights while he was housed at the Camden County Jail in Woodbine, Georgia. On September 10, 2010, Movant filed a Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him that Movant filed a Motion for Summary Judgment and that a response must be filed by October 4, 2010. (Doc. No. 31). That Notice further advised Plaintiff that:

1. If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff has failed to file a Response to Zylinski's Motion for Summary Judgment.

## STATEMENT OF THE CASE

Plaintiff contends that Defendant Eric Watson ordered Defendants Bryant Agullo and Christopher Kaiser to place him in a restraining chair. Plaintiff asserts that he notified Defendants Agullo and Kaiser that he had rods and screws in his right arm and asked to be handcuffed in front because of this injury, but his request was denied. Plaintiff states the officers forcefully put his hands behind his back, grabbed his right arm, and forced him down a hallway. Plaintiff claims as Defendants Agullo and Kaiser were placing him in the restraint chair, he asked Nurse Zylinski to tell the officers to stop restraining him, but she did not do so; Plaintiff asserts Nurse Zylinski had knowledge of his medical condition. Plaintiff contends that, when he was released from the restraining chair, he had severe arm and back pain, requested medical treatment, and was refused any treatment.

Zylinski asserts that Plaintiff's contentions are without merit.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must

determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge her burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Movant asserts that she did not witness the events leading up to Plaintiff's placement in a restraint chair, but she did witness Plaintiff being placed in the chair. Movant contends that Plaintiff did not require any medical attention at that time. However, Zylinski asserts, she examined Plaintiff approximately 45 minutes later and noted that Plaintiff complained of pain in his right arm, yet he had full range of motion with no pain noted on movement, no visible swelling or bruising noted, and his vital signs were stable. Zylinski noted her assessment that Plaintiff had an "alteration in

AO 72A
(Rev. 8/82)

comfort secondary to a previous [motor vehicle accident]."[1] (Doc. No. 30-7, p. 5). Movant states that she called the Certified Nurse Practitioner, Triffy Pacitti, who ordered Movant to: give Palintiff 800 mg Motrin twice a day for five (5) days; order an x-ray of Plaintiff's right arm; apply ice for 24 hours then warm compresses as tolerated; and have Plaintiff use an arm sling for support. Zylinski contends that Plaintiff was seen by a medical care provider four (4) days later, who noted no swelling, redness, or deformity to Plaintiff's right arm, and Plaintiff had another x-ray taken, which was negative for acute findings. Movant alleges that Plaintiff never again complained about right arm pain.[2]

The Eighth Amendment's[3] proscription against cruel and unusual punishment imposes a constitutional duty upon a prison official to take reasonable measures to guarantee the safety of inmates. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)

---

[1] Movant avers that, when Plaintiff was booked into the Camden County Jail on September 23, 2009, the intake screening and health history assessment revealed that Plaintiff had a metal plate in his right arm due to a car accident early that year. (Doc. No. 30-7, p. 3).

[2] Zylinski notes that she included in her Motion information relating to treatment for an injury to Plaintiff's left pinkie finger as way of clarification, as Plaintiff did not make any claim regarding injuries sustained to his left hand.

[3] Because Plaintiff was a detainee at the time of the alleged violations, the Fourteenth Amendment provides the appropriate cause of action. Claims involving the mistreatment of pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners." Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (internal citation and punctuation omitted). However, "decisional law involving prison inmates applies equally to cases involving pretrial detainees." Id. (internal punctuation omitted).

(quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

Zylinski submitted her Affidavit, as well as the Affidavits of two (2) other health care providers, Physician's Assistant Mary Stauble and Registered Nurse Deborah Stewart, as support for her assertion that she was not deliberately indifferent to Plaintiff's medical needs. Zylinski also submitted a Statement of Material Facts and a certified copy of Plaintiff's medical records while he was housed at Camden County Jail. These documents reveal that Plaintiff had an injury to his right arm upon his arrival at

5

Camden County Jail in September 2009. (Doc. No. 30-4, pp. 6-7). These documents also reveal that Plaintiff received medical attention after complaining about right arm pain after being placed in a restraint chair on October 23, 2009, and he received medical attention, including having another x-ray taken, on October 27, 2009, which revealed a normal right forearm. (Id. at pp. 9-10, 38). There is no evidence that Plaintiff complained about right arm pain related to the alleged events of October 23, 2009, after this date.

Movant's submitted documentation reveals that Plaintiff received medical attention for his complaints of right arm pain. In contrast, Plaintiff has submitted nothing in support of his assertion that Zylinski was deliberately indifferent to his serious medical needs.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Movant Zylinski's unopposed Motion for Summary Judgment be **GRANTED**. Plaintiff's claims against Defendant Zylinski should be dismissed.

**SO REPORTED** and **RECOMMENDED**, this 10th day of December, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE